■ SMART TRIKE, MNF, PTE, LTD., Respondent-Appellant, v PIERMONT PRODUCTS, LLC, Formerly Known as SMART TRIKE, LLC, Appellant-Respondent, et al., Defendants. [48 NYS3d 23]— Appeals from order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 12, 2014, and order, same court and Justice, entered October 16, 2015, as supplemented by order entered on or about January 29, 2016, deemed appeals from judgment, same court and Justice, entered July 12, 2016, in plaintiff's favor (CPLR 5501 [c]), and, so considered, said judgment unanimously affirmed, with costs.

The motion court correctly granted plaintiff summary judg-

ment dismissing the counterclaims except insofar as the plain language of the parties' agreement required plaintiff to provide six months' notice of the termination of the agreement, during which period defendant was entitled to its earned commissions (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Because defendant held more of plaintiff's money than the amount of its own claimed commissions, the motion court correctly found the New Jersey Sales Representatives' Rights Act, pertaining to "unpaid" commissions (*see* NJ Stat Ann 2A:61A-2), inapplicable. The court also correctly concluded that New York Labor Law § 191-c did not apply to defendant, which admitted that it only solicited orders from its headquarters in New Jersey (*see* § 191-a [d]).

The plain language of the contract defeats the counterclaim for lost profits.

We perceive no error in the starting date set by the court for computing prejudgment interest (*see* CPLR 5001). Concur—Sweeny, J.P., Acosta, Mazzarelli, Manzanet-Daniels and Webber, JJ.